# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| OLATUNDE E. OLUTOLA,<br><br>    Plaintiff,<br><br>v.<br><br>SUNUP FINANCIAL, LLC d/b/a BALANCECREDIT.COM,<br><br>    Defendant. | Case No. 4:21-cv-00289 |

## COMPLAINT

**NOW COMES** OLATUNDE E. OLUTOLA, individually, complaining of Defendant SUNUP FINANCIAL, LLC d/b/a BALANCECREDIT.COM as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2.  "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.  As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. OLATUNDE E. OLUTOLA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Denton, Texas.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

10. SUNUP FINANCIAL, LLC d/b/a BALANCECREDIT.COM ("Defendant") offers unsecured installment loans and credit services for people who need cash, fast.[1]

11. Defendant maintains its principal place of business in Chicago, Illinois.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5377.

15. At all times relevant, Plaintiff's number ending in 5377 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

---

[1] https://www.balancecredit.com/about-balance-credit/ (last accessed 4/9/2021)

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In or around August 2020, Plaintiff obtained a personal loan with Defendant for $600.00 ("subject debt").

18. In the fall of 2020, Plaintiff paid off the subject debt in full with Defendant.

19. Approximately one month after the subject debt was paid, Plaintiff stated to receive telephone calls and emails from Defendant requesting payment for the subject debt.

20. Plaintiff responded to Defendant's emails and advised that the subject debt was paid in full and he no longer owed the subject debt.

21. When Plaintiff answered Defendant's calls, he was met by a lengthy period of dead air and was required to say "hello" numerous times prior to being connected to a live agent.

22. Frustrated with Defendant's attempts to collect on a debt that was already paid in full, Plaintiff requested that the collection calls cease.

23. Despite Plaintiff's requests that Defendant cease its harassing collection calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

24. Upon answering additional collection calls from Defendant, Plaintiff was greeted by a prerecorded message.

25. In total, Defendant placed no less than 20 harassing collection calls to Plaintiff's cellular phone, from December 2020 through the present, after Plaintiff initially requested that the calls cease.

26. Defendant's phone calls were placed from various numbers, including the phone number of (855) 942-2526.

**DAMAGES**

27. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

29. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

30. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its harassing conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Defendant placed or caused to be placed no less than twenty (20) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

33. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

34. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

35. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

36. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff.

37. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from placing further violating calls to Plaintiff;

C. an award of $500.00 in damages to Plaintiff for each such violation;

D. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

40. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

41. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff his reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 9, 2021

Respectfully submitted,

OLATUNDE E. OLUTOLA

By: */s/ Victor T. Metroff*

Mohammed O. Badwan, Esq.

6

                                                  Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com